STATE, Respondent, v. DUFFY, Appellant.

*No. State 60. Argued February 2, 1972.—Decided February 29, 1972.*
(Also reported in 194 N. W. 2d 624.)

For the appellant there was a brief by *Samson, Friebert, Sutton & Finerty* and *Robert E. Sutton,* all of Milwaukee, and oral argument by *Robert E. Sutton.*

For the respondent the cause was argued by *Richard J. Boyd,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J. The defendant has consistently objected to the imposition of a mandatory jail sentence under sec. 343.44 (2), Stats. It is contended that (1) the provisions of the statute do not preclude the availability of probation to one convicted thereunder, and (2) a construction of the statute that would deny probation is in violation of one's constitutional right to equal protection of the law.

*Is probation an available alternative?*

Prior to the amendment of sec. 343.44 (2), Stats., by ch. 292, Laws of 1967, the statute read as follows:

"343.44 **Driving after license revoked or suspended.**
. . .
"(2) Any person violating this section may be fined not less than $50 nor more than $200 or imprisoned not more than 6 months or both, except that if a person violates this section after having had his operating privilege revoked because of a conviction of any of the offenses mentioned in s. 343.31, he shall be imprisoned not less than 2 nor more than 30 days for the first violation of this section and shall be imprisoned 60 days for the second such violation and 180 days for the third and each subsequent violation."

This statute as amended by ch. 292, Laws of 1967, provides:

"(2) Any person violating this section may be fined not less than $50 nor more than $200 and shall be imprisoned not less than 5 days nor more than 6 months, except that if a person violates this section after having had his operating privilege revoked because of a convic-

tion of any of the offenses mentioned in s. 343.31, he shall be imprisoned not less than 5 days nor more than 6 months for the first violation of this section and shall be imprisoned not less than 60 days nor more than 6 months for the 2nd such violation and shall be imprisoned for 6 months for the 3rd and each subsequent violation. . . ."

The express language of the penalty provisions of the present statute requires that a person convicted under this section be subject to imprisonment. The judge must impose a sentence of "not less than 5 days nor more than 6 months." *See State v. Carmody* (1969), 44 Wis. 2d 33, 38, 170 N. W. 2d 818. Notwithstanding the express language of the statute, the defendant argues that the court may nevertheless withhold the sentence or impose the sentence and stay its execution pursuant to sec. 973.09. The relevant portions of that section provide:

"**Probation.** (1) When a person is convicted of a crime, the court may, by order, withhold sentence or impose sentence and stay its execution, and in either case place him on probation to the department for a stated period, stating in the order the reasons therefor, and may impose any conditions which appear to be reasonable and appropriate. The period of probation may be made consecutive to a sentence on a different charge, whether imposed at the same time or previously."

Such a construction of these two statutes would do violence to principles of statutory construction and would contravene the intent of the legislature.

It is an elementary principle of statutory construction that statutes must be construed together and harmonized. Ordinarily, a specific statutory provision will prevail over a general provision in the penal code relating to the same subject matter. *State ex rel. Gutbrod v. Wolke* (1971), 49 Wis. 2d 736, 183 N. W. 2d 161. Most of the penal statutes of this state grant the trial court discretion to either impose a sentence of imprisonment within pre-

scribed statutory limitations or to impose a period of probation pursuant to the provisions of sec. 973.09, Stats. This authority is generally indicated by the language "may be imprisoned," which precedes the limitation on the period of imprisonment in the particular provision.[1] The legislature has enacted but few statutory provisions comparable to the one in the instant case, which expressly provide that a person convicted thereunder "shall be imprisoned." If probation were to be available in either case, the legislature would have no purpose in employing the word "may" in some cases and the word "shall" in others.

We arrive at the inescapable conclusion that the legislature left the trial court with no alternative but to impose a sentence of not less than five days upon a person convicted of a violation of this section of the statutes.

*Equal protection.*

Equal protection of the law is denied only where the legislature has made irrational or arbitrary classifications. *Town of Vanden Broek v. Reitz* (1971), 53 Wis. 2d 87, 191 N. W. 2d 913; *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185 N. W. 2d 306; *State ex rel. Schopf v. Schubert* (1970), 45 Wis. 2d 644, 173 N. W. 2d 673. The test is not whether some inequality results from the classification, *Lindsley v. Natural Carbonic Gas Co.* (1911), 220 U. S. 61, 31 Sup. Ct. 337, 55 L. Ed. 369, but whether there exists any reasonable basis to justify the classification. *McGowan v. Maryland* (1961),

---

[1] " ' "Generally in construing statutes, 'may' is construed as permissive and 'shall' is construed as mandatory unless a different construction is demanded by the statute in order to carry out the clear intent of the legislature." ' *State v. Camara* (1965), 28 Wis. 2d 365, 371, 137 N. W. 2d 1." *State v. Christopherson* (1967), 36 Wis. 2d 574, 583, 584, 153 N. W. 2d 631.

366 U. S. 420, 81 Sup. Ct. 1101, 6 L. Ed. 2d 393. The instant case is not a situation involving criteria which is inherently "suspect." *See Graham v. Richardson* (1971), 403 U. S. 365, 91 Sup. Ct. 1848, 29 L. Ed. 2d 534.

In declaring the purpose for enacting ch. 292, Laws of 1967, the legislature clearly enunciated the rationale for amending sec. 343.44, Stats., to provide a mandatory minimum period of confinement:

"SECTION 1. STATEMENT OF POLICY. In view of the immensity of the state's traffic problem, and, if not acted on, its certainty to increase, the legislature recognizes that new controls are necessary. But it also recognizes the folly of providing new penalties and controls when existing laws are not enforced. It is therefore declared that the people of the state of Wisconsin acting through their chosen representatives determine to reduce the motor vehicle accident rate by rigid enforcement of all traffic safety laws, and by this act instruct all law enforcement personnel to enforce the traffic laws of this state and local ordinances enacted pursuant thereto, vigorously. The gravity of the problem, and the devastating power of the machine no longer permits countenance of the myriad excuses of careless drivers which were, in an earlier day, tiresome, but which have now become lethal."

The question presented on this issue is whether there is reason or necessity for the designation of the specific penalty provisions of sec. 343.44 (2), Stats. This decision is one resting primarily with the legislature and no court is justified in declaring such a determination baseless or unconstitutional unless it can be said without doubt that no one could reasonably conclude there is any substantial reason justifying different legislative treatment. *See State ex rel. La Follette v. Reuter* (1967), 36 Wis. 2d 96, 153 N. W. 2d 49. Defendant compares a violation of sec. 343.44 with a violation of other misdemeanors and felonies where probation is available and thus concludes the resulting classification is irrational and discriminatory. However, it is within the province of the legislature

to determine the penalty for the particular evil sought to be remedied. This is unlike the situation in *Skinner v. Oklahoma* (1942), 316 U. S. 535, 62 Sup. Ct. 1110, 86 L. Ed. 1655, where, under the provisions of a habitual criminal statute, two crimes which were intrinsically the same and were punishable in the same manner, were differentiated under the statute.

*By the Court.*—Judgment affirmed.