# STATE of Wisconsin, Plaintiff-Respondent,

## v.

# Richard W. McKENZIE, Defendant-Appellant.

Court of Appeals

*No. 86–1618–CR. Submitted on briefs February 25, 1987.—*
*Decided April 1, 1987.*

(Also reported in 407 N.W.2d 274.)

For the defendant-appellant the cause was submitted on the briefs of *Daniel P. Fay* of *Law Firm of Daniel P. Fay, S.C.,* of Pewaukee.

For the plaintiff-respondent the cause was submitted on the brief of *David A. Danz,* district attorney for Walworth county, by *Phillip A. Koss,* assistant district attorney.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.  Richard McKenzie appeals a conviction of injury by intoxicated use of a motor vehicle contrary to sec. 346.63(2)(a), Stats. On appeal, McKenzie contends that the trial court erred in failing to consider probation as an alternative in sentencing. We

conclude that the trial court was required to consider probation as an option and therefore reverse and remand for resentencing.

On December 20, 1985, McKenzie was going home from an all-day Christmas party at his place of employment. His truck struck another vehicle, injuring the driver. McKenzie pled no contest to the charge of injury by intoxicated use of a motor vehicle and a presentence report was prepared.

The report indicated that this was McKenzie's first contact with the law. He had no history of alcohol or drug abuse and he drank only occasionally because he worked third shift. McKenzie had a good job as well as a fine family background. He was very remorseful about the fact that he had put his family through so much heartbreak because of the incident. The presentence report recommended probation with counseling, indicating that McKenzie would be very responsive to rehabilitation.

The trial court, at sentencing, considered the circumstances, including McKenzie's remorse over the incident and the fact that he did not present a risk to the public. The trial court concluded, however, that probation was not available as an alternative[1] and

---

[1]At the sentencing hearing, the following colloquy took place:

THE COURT: I think you are asking the Court to impose an illegal sentence.

MR. FAY: There is no mandatory jail sentence in this case.

THE COURT: There's mandatory fine.

MR. FAY: I'm asking for a fine, and I will get to the fine. I'm saying a fine should be imposed. If the Court is going to sentence this defendant to jail, the way the Statute reads, is it can't give him less than 30 days and can't give him more than a year, but it doesn't require him to send him to jail. This is not the second time offense where there's mandatory jail.

sentenced McKenzie to the maximum jail sentence of one year. The trial court reduced the sentence to six months in the county jail on the following conditions: McKenzie was to pay 7% of his wages as restitution to the victim, pay a $1,000 fine, perform 100 hours of community service, participate in his employer's employee assistance program and participate in an alcohol assessment program. The court also revoked McKenzie's driving privileges for one year. The court, upon its own motion, later modified the sentence to eliminate the restitution, noting that it had proceeded under a mistaken view of the law and realized that it could not order restitution without sentencing McKenzie to probation.

THE COURT: Unfortunately, I must sentence him and that means a fine. That is the sentence, and the only time I can put a person on probation is when I withhold and stay a sentence. Unfortunately, I appreciate your argument, but I have gone through this several times before. Probation and parole has checked into it and probation is not a viable alternative.

MR. FAY: It is in this case. Second offense drunk driving, third offense, you are absolutely correct, probation is not an available remedy for the Court, but in this case it is an available remedy to the Court because we have a totally different Statute.

THE COURT: I have checked into it. As far as 346.63(2)(a)1, which is the Statute we are talking about, causing injury by drunk driving, to me, I think it is rather heinous. It doesn't even allow the courts to collect restitution under the umbrella of a probation, and I quite agree that long term supervision of drunk drivers would be a better remedy than a short sentence, mandatory sentence and penalty. I think I agree that they are coming back, and coming back, and supervision would be a better way to handle some of these second offenders, or those who are causing injury, but you can make your record here, but I have already determined that probation is an illegal sentence, would not be a legal sentence in this case.

■ Upon review of a trial court's sentence, we look to see whether there was an abuse of discretion. *State v. Curbello-Rodriguez,* 119 Wis. 2d 414, 433, 351 N.W.2d 758, 767 (Ct. App. 1984). When a judge bases the exercise of his discretion upon an erroneous view of the law, it is an abuse of discretion. *State v. Hutnik,* 39 Wis. 2d 754, 763, 159 N.W.2d 733, 737 (1968).

McKenzie was sentenced for a violation of sec. 346.63(2)(a), Stats. The possible penalties for violation of secs. 346.62 to 346.64, Stats., are set forth in sec. 346.65, Stats.,[2] which in pertinent part reads as follows:

> (1) Any person violating s. 346.62(1) *may be* required to forfeit not less than $25 nor more than $200 for the first offense and, for the 2nd or subsequent violation of s. 346.62(1) within 4 years *may be* fined not less than $50 nor more than $500 or imprisoned not more than one year in county jail or both.
> (2) Any person violating s. 346.63(1):
> (a) *Shall* forfeit not less than $150 nor more than $300, except as provided in par. (b) or (c).
> (b) *Shall be fined* not less than $300 nor more than $1,000 *and imprisoned* not less than 5 days nor more than 6 months if .... .
> (c) *Shall be fined* not less than $600 nor more than $2,000 *and imprisoned* for not less than 30

[2]We recognize that the legislature has made several changes in sec. 346.65, Stats., since McKenzie was sentenced. However, subsec. (3) has remained unchanged and the language of the statute as a whole, both before the date of sentencing and after that date, is consistent with our interpretation. The legislature has continued to use the same language when specifying whether or not the sentence is mandatory under the statute.

days nor more than one year in the county jail if . . . .

(2g)   In addition to the forfeiture under sub. (2)(a), the court *shall* order a person who is subject to sub. (2)(a) to perform 20 hours of community service work for a public agency or a nonprofit charitable organization. . . .

(2m)   Any person violating s. 346.63(1m):

(a)   *Shall be fined* not less than $300 nor more than $1,000, except as provided in pars. (b) and (c).

(b)   *Shall be fined* not less than $600 nor more than $2,000 *and imprisoned* for not less than 5 days nor more than 6 months if . . . .

(c)   *Shall be fined* not less than $600 nor more than $2,000 *and imprisoned* for not less than 30 days nor more than one year in the county jail if . . . .

(3)   Any person violating s. 346.62(2) or 346.63(2) *shall be fined* not less than $300 nor more than $2,000 and *may be imprisoned* not less than 30 days nor more than one year in the county jail.

(4)   Any person violating s. 346.64 *may be* fined not less than $50 nor more than $500 or imprisoned not more than 6 months or both. [Emphasis added.]

In construing a statute, the primary source of statutory construction is the language of the statute itself. *Wisconsin Evangelical Lutheran Synod v. City of Prairie du Chien,* 125 Wis. 2d 541, 549, 373 N.W.2d 78, 82 (Ct. App. 1985). Absent ambiguity, it is the duty of the court to give statutory words their obvious and ordinary meaning. *State v. Lossman,* 118 Wis. 2d 526, 535, 348 N.W.2d 159, 164 (1984). In statutory construction, the use of the word "shall" is usually construed as mandatory, *County of Walworth v. Spalding,* 111

Wis. 2d 19, 24, 329 N.W.2d 925, 927 (1983), while the word "may" is generally construed as permissive, *Hitchcock v. Hitchcock,* 78 Wis. 2d 214, 220, 254 N.W.2d 230, 233 (1977). It is reasonable to presume that the legislature chose its terms carefully and precisely to express its meaning. *Ball v. District No. 4, Area Bd.,* 117 Wis. 2d 529, 539, 345 N.W.2d 389, 394 (1984). Finally, the entire section of a statute and related sections are to be considered in its construction or interpretation. *State ex rel. Ondrasek v. Circuit Court,* 133 Wis. 2d 177, 182, 394 N.W.2d 912, 914 (Ct. App. 1986).

In sec. 346.65, Stats., the legislature has consistently used the phrase "shall be" in those situations where penalties by way of fine or imprisonment are mandated. *See* sec. 346.65(2)(a) and (2m)(a). Where multiple penalties are indicated, the legislature uses the phrase "shall be fined ... and imprisoned" to indicate that both are mandated. *See* sec. 346.65(2)(b), (2)(c), (2m)(b) and (2m)(c). In sec. 346.65(3) and *only in that subsection* has the legislature used the word "shall" as to the fine but used the word "may" as to the jail sentence.

The language of the statute is clear on its face. We read subsec. (3) as making a fine mandatory but allowing the trial court discretion as to the imposition of a jail sentence, thereby permitting the court, in its discretion, to place the defendant on probation pursuant to sec. 973.09(1)(a), Stats.[3]

---

[3]Section 973.09(1)(a), Stats., provides in part:

Except as provided in par. (c) or if probation is prohibited for a particular offense by statute, if a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence

The trial court erred when it failed to consider probation as a possible disposition. We reverse and remand for resentencing.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

under s. 973.15 and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor.