STATE of Wisconsin, Plaintiff-Appellant,

v.

Michael A. MEDDAUGH, Defendant-Respondent.†

Court of Appeals

*No. 88–0914–CR. Submitted on briefs November 4, 1988.—
Decided December 8, 1988.*

(Also reported in 435 N.W.2d 269.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Barry M. Levenson,* assistant attorney general.

For the defendant-respondent the cause was submitted on the brief of *Glenn L. Cushing,* assistant state public defender.

Before Dykman, Eich, and Sundby, JJ.

EICH, J. This case, originally a single-judge appeal pursuant to sec. 752.31(2)(f), Stats., was ordered to be heard and decided by a panel because of the importance of the issue raised: whether trial courts have the authority to order probation for a defendant convicted of driving while intoxicated for the third time in five years in light of sec. 346.65(2)(c), Stats., which provides that such persons "[s]hall be ... imprisoned for not less than 30 days nor more than one year ...." More specifically, the question is whether a condition of probation requiring the defendant to spend thirty days in the county jail (during non-working hours) may be considered "imprisonment" within the meaning of sec. 346.65(2)(c). We answer the question in the negative and therefore reverse the judgment of conviction and

sentence, remanding the case to the trial court for resentencing.

Michael A. Meddaugh entered a plea of no contest to the charge of operating a motor vehicle while intoxicated contrary to sec. 346.63(1)(a), Stats. It was his third such conviction in five years. In fact, at the time of the offense he was on parole in connection with his conviction and imprisonment for two counts of homicide by intoxicated use of motor vehicle. In light of the seriousness of the present offense and Meddaugh's prior record, the prosecutor recommended the maximum imprisonment (one year), fine ($2,000) and license revocation (three years). The trial court agreed, stating: "I have concluded [that] I wish to impose the maximum sentence."

Then, noting Meddaugh's rehabilitative needs and the inadequacy of a "straight" jail sentence to deal with those needs, the court imposed the maximum one-year jail sentence but stayed it, placing Meddaugh on probation for a period of two years. One of the conditions of probation was that Meddaugh spend thirty days in the Dane County Jail during nonworking hours. The state appealed, claiming that, under the mandatory imprisonment terms of sec. 346.65(2)(c), Stats., and relevant case law, the court lacked authority to enter such an order. Other facts will be referred to below.

We begin with the proposition that probation is "'a matter of grace or privilege ...' made possible by the legislature." *State v. Evans,* 77 Wis. 2d 225, 230, 252 N.W.2d 664, 666 (1977) (citations omitted). And because the punishment to be imposed for particular crimes is within the sole province of the legislature, courts have no power to stay or suspend execution of sentences, and instead grant probation, in the absence

of specific statutory authority. *State v. Sittig,* 75 Wis. 2d 497, 499–500, 249 N.W.2d 770, 772 (1977). Under sec. 973.09(1)(a), Stats., except for first degree murder or any other offense for which probation is prohibited by statute, courts are authorized to withhold sentencing a defendant—or impose a sentence and stay its execution—and place the person on probation for a stated period, subject to stated conditions. Given the mandatory imprisonment language of sec. 346.65(2)(c), Stats., however, we conclude that courts lack authority to withhold or stay the sentencing of persons convicted of that offense and instead place them on probation.

In *State v. Duffy,* 54 Wis. 2d 61, 63, 194 N.W.2d 624, 625 (1972), the supreme court considered whether the language of sec. 343.44, Stats. (1969), which, like sec. 346.65(2)(c), Stats., stated that persons convicted of operating a motor vehicle after revocation of their driver's license "shall be imprisoned" for a specific period of time, precluded "the availability of probation to [persons] convicted thereunder." In holding that it did, the court noted the distinction between criminal statutes providing penalties which courts "may" impose, and those providing penalties which "shall" be imposed, and stated:

> Most of the penal statutes of this state grant the trial court discretion to either impose a sentence of imprisonment within prescribed statutory limitations or to impose a period of probation pursuant to the provisions of sec. 973.09, Stats. This authority is generally indicated by the language "may be imprisoned," which precedes the limitation on the period of imprisonment in the particular provision. The legislature has enacted but few statutory provisions comparable to the one in the instant case, which expressly provide that a person convicted thereun-

der "shall be imprisoned." If probation were to be available in either case, the legislature would have no purpose in employing the word "may" in some cases and the word "shall" in others.

We arrive at the inescapable conclusion that the legislature left the trial court with no alternative but to impose a sentence of not less than five days upon a person convicted of a violation of this section of the statutes. *Id.* at 64–65, 194 N.W.2d at 626. [Footnote omitted.]

In *State v. McKenzie,* 139 Wis. 2d 171, 175–76, 407 N.W.2d 274, 276 (Ct. App. 1987), we considered the reverse situation—whether the trial court erred in *not* considering probation in a motor vehicle offense where the statute provided that one convicted of the offense *"may be imprisoned* not less than 30 days nor more than one year ...." (Emphasis in original.) We held that because imprisonment was *not* mandatory, the trial court erred as a matter of law when it concluded that probation was not available.

The "may/shall" distinctions are still present in the motor vehicle laws. Those persons with prior convictions in the preceding four-year period who are convicted of reckless driving, for example, *"may* be ... imprisoned not more than one year in county jail, " whereas drunk driving "repeaters," such as Meddaugh, *"[s]hall* be ... imprisoned for not less than 30 days nor more than one year in the county jail ...." Secs. 346.65(1) and (2)(c), Stats. (emphasis added). Indeed, the language of the statute the supreme court held in *Duffy* did not permit probation is identical to the language of the statute under which Meddaugh was convicted.

Meddaugh argues, however, that *Duffy* is distinguishable because in that case the trial court did not set

county jail confinement as a condition of the defendant's probation, as the court did in this case. We are not persuaded. The *Duffy* court never mentioned the presence or absence of a probationary jail condition as having any bearing on its holding as to the meaning and effect of the mandatory statutory language. The court framed the issue as whether "the provisions of the statute ... preclude the availability of probation to one convicted thereunder," *id.,* 54 Wis. 2d at 63, 194 N.W.2d at 625; and that is the issue the court decided. It was not an issue whose resolution depended upon the particular facts of the case. It was strictly a legal question—what the legislature intended when it used "shall be imprisoned" rather than "may be imprisoned" in the statute. And the court resolved that issue independent of the factual setting in which it arose.

Nor are we persuaded by Meddaugh's argument that, considerations of probation aside, he was in fact "imprisoned" within the meaning of sec. 346.65(2)(c), Stats., by the confinement condition of his probation. We agree that one of Webster's definitions of the term "imprison" is "to put in prison: confine in a jail." And while it may be true that the word is often used in a broad, general sense, "imprison" is also a legal term and, as such, "should be given its legal meaning when used in the statutes and the law unless there are strong indications the term was used in a general sense." *Prue v. State,* 63 Wis. 2d 109, 116, 216 N.W.2d 43, 46 (1974).

The issue in *Prue* was whether a person who is "confined" in the county jail as a condition of probation is serving a "sentence" of imprisonment within the meaning of the laws giving prisoners "good time credit" on their sentences. *Id.,* 63 Wis. 2d at 114, 216 N.W.2d at 45. The court noted first that even though a probation condition of confinement is similar to the "confine-

209

ment" involved in a sentence of imprisonment, the two are distinct, "alternative" concepts. *Id.* Then, adopting the "generally accepted" view that probation—even when accompanied by a period of incarceration—is not a sentence, the court held that good time could not be credited against incarceration imposed as a condition of probation because that time was not being served pursuant to any sentence imposed by the court. *Id.* at 114–16, 216 N.W.2d at 45–46.

When it provided for "imprisonment" of persons convicted of multiple drunk driving offenses in sec. 346.65(2)(c), Stats., the legislature gave no indication that it intended that word as meaning anything other than its accepted legal definition—incarceration pursuant to the imposition of a sentence. *Prue,* 63 Wis 2d at 115–16, 216 N.W.2d at 46. And when it made imprisonment mandatory upon conviction, the legislature took away from Wisconsin judges a significant part of the discretion that normally attends the sentencing process.

We appreciate not only the trial court's good intentions and its well-reasoned disposition of the case, but also the fact—as the court noted—that imprisonment without probation would not provide Meddaugh adequate access to rehabilitative services. It has been held, however, that:

> The fashioning of a criminal disposition is not an exercise of broad, inherent court powers. It is for the legislature to prescribe the punishment for a particular crime and it is the duty of the court to impose that punishment; if the authority to fashion a particular criminal disposition exists, it must derive from the statutes. *State v. Amato,* 126 Wis. 2d 212, 216, 376 N.W.2d 75, 77 (Ct. App. 1985) (citations omitted).

210

There can be little doubt that if the trial court had not imposed any jail time as a condition of Meddaugh's probation, *Duffy* would require reversal. And the fact that the court set the jail-time condition at thirty days—the minimum term of "imprisonment" under sec. 346.65(2)(c), Stats.—does not change that result because, as the court held in *Prue*, whatever its terms and whatever its conditions, probation is not a sentence of imprisonment.

Were we free to make our own laws, we would undoubtedly authorize and approve the trial court's actions in this case, as the dissent has done. But we are law interpreters, not lawmakers, and we believe that reading *Prue, Duffy*, and sec. 346.65(2)(c), Stats., to permit suspension of the mandatory jail sentence and substitution of a term of probation would cross that line. We also believe that the *Prue* court's *dictum* reference to the desirability of trial court "leeway" in setting the terms of probation does not change that court's explicit recognition of the principle that probation—*whether or not accompanied by a jail-time condition*—"is ... not a sentence ...." *Prue,* 63 Wis 2d at 114, 216 N.W.2d at 45.

We see no "irony" in our decision, and we disagree most strongly with the dissent's *ad populum* argument that our decision, even though it follows the mandate of the applicable statutes and cases, somehow results in more lenient treatment of drunk drivers than the legislature could have intended.

Probation is, by definition, an alternative to punishment, to be imposed when the trial court determines that the defendant should *not* be punished as the law otherwise would require. In the most severe view, it is a "mode of mild and ambulatory punishment ... intend-

ed as a reforming discipline." *Toyosaburo Korematsu v. United States,* 319 U.S. 432, 435 (1943) (citation omitted). And while it may be considered as "punishment" for purposes of a double jeopardy analysis, *State v. Dean,* 111 Wis. 2d 361, 365–66, 330 N.W.2d 630, 632–33 (Ct. App. 1983), it is not punishment in the commonly-understood meaning of the word.

The word "probation" derives from the Latin "to prove," and the legal sanction is designed to permit the offender to "prove" himself or herself *without* being punished—to foster rehabilitation and to "help the probationer become a useful member of society." *Wagner v. State,* 89 Wis. 2d 70, 77, 277 N.W.2d 849, 852 (1979). It is imposed in circumstances where "the court has determined from the defendant's character and the circumstances of the case that the defendant is not likely again to commit crime and that the public welfare does not require that he [or she] shall suffer the penalty of the law." *State v. Scherr,* 9 Wis. 2d 418, 423, 101 N.W.2d 77, 80 (1960). The dissent's assertion that the legislature must have felt that probation with a jail condition—which, of course, can be shortened or forgiven at any time—"would punish and deter drunk drivers more than jail alone" is incompatible not only with the *Prue* court's holding that imposition of a period of confinement does not change the alternative, nonpenal remedy of probation into something it is not, but it also runs contrary to the historic, universally-recognized purposes and uses of probation as a remedy in the criminal court system.

Unlike the dissenting judge, we do not see a mandatory jail sentence as a more lenient sanction than probation—even where that probation is accompanied, as in this case, by a brief period of confinement in the

212

county jail. To the contrary, it is equally, if not more reasonable, to assume that the legislature's rare use of a mandatory jail sentence—without the discretion to allow substitution of alternative, nonpenal remedies—would reflect that body's concern over the very, very serious problems caused by intoxicated drivers on Wisconsin's highways and its belief that repeat offenders, having already had the opportunity to "prove" themselves and having failed at the task, should be imprisoned. Period.

Finally, even though the trial court indicated in its remarks at the sentencing hearing that it felt Meddaugh deserved maximum penalties, and even though it did impose (and then stayed) the maximum one-year sentence, we do not agree with the state's argument that we should simply modify the judgment to impose that sentence and vacate the probation terms. Despite the court's remarks, it considered a variety of factors in attempting to fashion what it believed to be a remedy consistent with both the state's and the defendant's interests. Unfortunately, our own interpretation of the applicable statutes and cases has rendered that attempt a nullity, and we believe the trial court should have the opportunity to resentence Meddaugh under what we here declare to be the applicable legal principles.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.

SUNDBY, J. (concurring). I believe that the trial judge showed a full appreciation of the societal problem of coping with the drunk driver and the specific problem posed in sentencing this particular offender. Society, acting through the state legislature, has adopt-

ed the policy that drunk-driving repeaters shall be imprisoned. The range of imprisonment is intended to reflect the seriousness of the offender's conduct. In this case, the offender was on parole supervision for previous drunk driving offenses. One of his prior offenses was homicide by intoxicated use of a vehicle. Given this record, the trial court could not, in good conscience, sentence Meddaugh to the minimum term of imprisonment permitted by law. The trial judge was convinced, however, that Meddaugh was in need of treatment for the disease of alcoholism, and was convinced that he could not receive the needed treatment if he were imprisoned in the county jail for the period of imprisonment his offense calls for. Unfortunately, the legislature has not as yet recognized that imprisonment as a deterrent to drunk driving is an inadequate substitute for treatment when the behavior is the result of a disease. Much as I would like to rewrite the statutes to allow trial judges to sentence drunk drivers to supervised treatment as a condition of probation, I am not a legislator.

DYKMAN, J. (*dissenting*). "There are public policy considerations why a committing court should have a wide choice in dealing with a convicted person in regard to his punishment and rehabilitation. The trial court should have leeway if probation is to be an effective tool of rehabilitation."

This quotation shows the danger of not considering the context of an appellate court opinion. It is taken from *Prue v. State,* 63 Wis. 2d 109, 114, 216 N.W.2d 43, 45 (1974), the case the majority relies upon for its conclusion. Had the majority relied on this quotation, rather than the statement in *Prue* that probation is not a sentence, it would have reached a different result. I

would look to the issue in *Prue* to determine whether it supports the conclusion the majority reaches here.

As the majority notes, *Prue* considered whether a "person confined" to the county jail as a condition of probation was serving a sentence. However, *Prue* considered the interaction of sec. 53.43, Stats., which provides for "good time" credit against sentences, and sec. 973.09(1), Stats., which authorizes a trial court to place a convicted person on probation. 63 Wis. 2d at 112, 216 N.W.2d at 44. *Prue* did not consider the legislature's intent when it enacted sec. 346.65(2)(c), Stats., which requires imprisonment of "not less than 30 days nor more than one year" for any person who has been convicted of drunk driving three times in a five-year period.[1]

It is evident from looking at sec. 346.65, Stats. as a whole, that the legislature intended recidivist drunk drivers to be punished more severely as the number of their convictions increased. A first offense drunk driving conviction carries a maximum penalty of a $300 forfeiture. A second offense carries a maximum $1,000 fine, a minimum five-day jail sentence and a maximum jail sentence of six months. Third and subsequent convictions carry a maximum of a $2,000 fine, a minimum jail sentence of thirty days, and a maximum jail sentence of one year. Because imprisonment is the most severe penalty Wisconsin law permits, the legislature's intent is easily discernible: Those who do not stop driving while drunk after having been once convicted of that offense will be put behind bars. Courts may not avoid this legislative mandate.

---

[1]Section 346.63(1), Stats., prohibits operation of a motor vehicle while under the influence of an intoxicant or other drug, or with a blood alcohol concentration of 0.1% or more. For ease of description, I use the term "drunk driving" for violations of that section.

I agree that *Prue* holds that a person confined to the county jail is not serving a sentence. However, the majority adds "of imprisonment" to its assertion of *Prue*'s holding though those words do not appear in the supreme court's opinion. By doing so, the majority assumes its conclusion. Because *Prue* did not consider whether a person serving jail time was "imprisoned," I would look further to find whether the legislature intended that a trial court could add probation to imprisonment imposed for drunk driving.

Under the trial court's order, Meddaugh is required to spend thirty days in the Dane county jail. Had the trial court reached this result directly, by sentencing Meddaugh to thirty days in jail, the majority would affirm his sentence. Because the trial court *added* a two-year period of probation during which Meddaugh was required to undergo whatever alcohol treatment his probation officer required, the majority concludes that Meddaugh must be resentenced. I am not persuaded.

The supreme court requires that we not construe statutes in derogation of common sense. *State v. Clausen*, 105 Wis. 2d 231, 246, 313 N.W.2d 819, 826 (1982). Section 346.65(2)(c), Stats., requires that Meddaugh be imprisoned for not less than thirty days. The legislature has found that "[a] substantial number of persons who operate motor vehicles while intoxicated are in need of treatment or education or both to prevent further offenses related to the use of intoxicants." Sec. 2051(13), ch. 20, Laws of 1981. The legislature's intent is "[t]o promote driver improvement, through appropriate treatment or education or both, of persons who operate motor vehicles while intoxicated," and "[t]o encourage the vigorous prosecution of persons who operate motor vehicles while intoxicated." *Id.* It does not make common sense to me to interpret sec.

216

346.65(2)(c) so as to prevent the treatment the legislature believes will help lessen drunk driving.

The district attorney who prosecuted Meddaugh believed that adding a term of probation to Meddaugh's incarceration would be appropriate. Meddaugh's probation agent explained that though Meddaugh should be imprisoned, an additional term of probation was necessary to safeguard the community. Meddaugh's attorney explained that because treatment was not available in prison or jail, Meddaugh would again drive while drunk when he was released from even a maximum sentence for drunk driving. The court concluded that "if ever a case called for probation, it's this one."

*State v. Duffy,* 54 Wis. 2d 61, 65, 194 N.W.2d 624, 626 (1972) concluded that a trial court must impose a five-day jail sentence where the legislature had provided that a person convicted of driving after license revocation "shall be imprisoned not less than 5 days." Sec. 343.44(2), Stats. (1969). The *Duffy* court did not consider whether the trial court could imprison Duffy *and* add a term of probation because the *Duffy* trial court had not attempted this. The court sentenced Duffy to five days in jail and ordered her to pay a $60 fine. The supreme court concluded that giving preference to the probation statute, sec. 973.09, Stats., over the mandatory language of sec. 343.44(2) would contravene the intent of the legislature. *Id.* We have interpreted *Duffy* as holding only that probation may not be given in lieu of the minimum sentence. *State v. Schultz,* 145 Wis. 2d 661, 665, 429 N.W.2d 79, 80 (Ct. App. 1988).

Here, the legislature has specified its intent—to prosecute and treat drunk drivers to prevent further episodes of drunk driving. That is exactly what occurred here. Meddaugh was imprisoned *and* was placed on probation with the maximum possible sentence of

217

one year in jail hanging over his head if he did not conform to the treatment requirements ordered by his probation officer. The trial court's order did not conflict with sec. 346.65(2)(c), Stats.

The majority suggests that this interpretation invades the legislature's province. That is no more true here than in any case where a statute does not dictate a particular result. Section 346.65(2)(c), Stats., does not, standing alone, answer the question of whether jail time as a condition of probation is "imprisonment." Although the majority focuses on what the term "imprisonment" means, that is not the issue in this case. The real issue is whether the legislature intended that recidivist drunk drivers spend time behind bars. Common sense suggests that the reason sec. 346.65(2)(c) requires time in jail for recidivist drunk drivers is to punish them and deter them and others. I doubt that punishment and deterrence is affected at all by the majority's conclusion that being behind bars is not being imprisoned.

It seems ironic that though the legislature intended sec. 345.65(2)(c), Stats., to retreat recidivist drunk drivers more harshly, the majority has limited trial courts to imposing jail terms. One would think that jail *and* probation would punish and deter drunk drivers more than jail alone. I would affirm the trial court's order.