STATE of Wisconsin ELECTIONS BOARD,
Plaintiff-Appellant-Cross-Respondent,

v.

Edward E. HALES, Defendant-Respondent-Cross-
Appellant.†

Court of Appeals

*No. 88–0429. Submitted on briefs January 3, 1989.—Decided
February 21, 1989.*

(Also reported in 440 N.W.2d 579.)

† Petition to review denied.

307

For the plaintiff-appellant-cross-respondent the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, by *Alan Lee,* assistant attorney general, of Madison.

For the defendant-respondent-cross-appellant the cause was submitted on the briefs of *T. Christopher Kelly* and *Janet Gill Hernandez,* of Madison.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J.   The State of Wisconsin Elections Board (Board) appeals from an order of dismissal entered in favor of Edward E. Hales (Hales). We conclude that the Board properly initiated its suit against Hales, alleging that he violated sec. 11.36(1), Stats. Therefore, we reverse.

The facts are undisputed and straightforward. On February 25, 1986, the Board received a complaint alleging that Hales, who was serving as chairman of the Wisconsin Investment Board, had violated sec. 11.36(1), Stats., by soliciting from a state officer or employe a service for a political purpose while the officer or employe was engaged in her official duties. The Board held a hearing and unanimously concluded that it was likely that there was a violation of the statute, and directed that a forfeiture action be brought against Hales.

The Board filed a complaint with the Dane county circuit court seeking civil penalties only. Venue was changed to Racine county upon Hales' motion. Both Hales and the Board filed motions for summary judgment. The matter was heard on October 15, 1987, and at the close of the hearing, the circuit court ordered the

action dismissed. The court concluded that because the Board had not notified the Racine county district attorney, the attorney general or the governor of the commencement of the action, or provided said parties with the facts underlying the complaint, it had not met the procedural prerequisites for commencing such a suit which the court perceived were mandated by sec. 5.05(3), Stats. The order dismissing the matter without prejudice was entered on January 15, 1988.

Pursuant to dismissal of the suit, Hales moved for costs and attorney's fees. The court refused to consider the motion, noting that it was premature, and would not ripen until resolution of the Board's appeal of the dismissal order. Orders denying costs and fees were entered accordingly on February 4 and 8.

The Board appeals from the dismissal order, and raises the issue of whether its failure to notify the district attorney, attorney general or governor of the commencement of its action against Hales warrants dismissal under sec. 5.05(3), Stats. Hales cross-appeals from the orders denying him costs and fees, and challenges whether the trial court erred by refusing to consider his motion for costs and fees until the Board's appeal was resolved.

## APPLICATION OF SEC. 5.05(3), STATS.

This case involves the application of sec. 5.05(3), Stats., to certain undisputed facts. Application of a statute to a particular set of facts is a question of law, which this court decides without deference to a trial court decision.[1]

---

[1] *Neis v. Board of Educ. of Randolph School Dist.,* 128 Wis. 2d 309, 313, 381 N.W.2d 614, 616 (Ct. App. 1985).

Section 5.05(3), Stats., provides that among its powers and duties,

> (a)  The board shall upon complaint by any person or on its own motion investigate violations of the elections laws and shall notify the district attorney of the proper county, the attorney general or the governor where appropriate under s. 11.60(4) or 11.61(2) of any facts within its knowledge or evidence in its possession which may be grounds for civil action or criminal prosecution.
>
> (b)  In any case in which the board refers information relating to an apparent violation of this section, the district attorney, attorney general, or any special counsel appointed under s. 14.11(2) shall respond by report to the board with respect to any action taken regarding such apparent violation. The report shall be transmitted no later than 40 days after the date of the referral. If the matter is not disposed of during such period, the board shall receive a further report at the close of every 30-day period until the time of final disposition.
>
> (c)  No investigation is required of any petition or complaint which is not verified. The board may summarily dismiss any complaint which it finds to be without merit.

Where the meaning of a statute is clear and unambiguous by its terms the primary source of its construction is its language, and in this situation it is the duty of courts to give the statutory words their obvious and ordinary meaning.[2] The meaning of this statute is not ambiguous. The Board is required to notify the proper district attorney, the attorney general or the governor of

[2]*State v. McKenzie,* 139 Wis. 2d 171, 176, 407 N.W.2d 274, 276 (Ct. App. 1987).

information relative to complaints of election law violation where appropriate under secs. 11.60(4) or 11.61(2), Stats., but this is not a prerequisite to the Board's bringing a civil action seeking forfeitures under sec. 5.05(1)(c).

█

Section 11.60(4), Stats., provides that:

> Actions under this section arising out of an election for state office or a statewide referendum may be brought by the board or by the district attorney of the county where the violation is alleged to have occurred, except as specified in s. 11.38. Actions under this section arising out of an election for local office or local referendum may be brought by the district attorney of the county where the violation is alleged to have occurred. If a violation concerns a district attorney or circuit judge or candidate for such offices, the action shall be brought by the attorney general. If a violation concerns the attorney general or a candidate for such office, the governor may appoint special counsel under s. 14.11(2) to bring suit in behalf of the state. The counsel shall be independent of the attorney general and need not be a state employe at the time of appointment.

The plain language of subsection (4) provides that civil forfeiture actions stemming from alleged campaign financing law violations under sec. 11.36, Stats., may be brought by the Board or the district attorney of the county where the violation is to have occurred.

█

Section 11.61, Stats., provides in part that:

> **Criminal penalties; prosecution. (1)** (a) Whoever intentionally violates s. 11.05(1), (2), (2g) or (2r), 11.07(1) or (5), 11.10(1), 11.12(5), 11.23(6) or

11.24(1) may be fined not more than $10,000 or imprisoned not more than 3 years or both.

(b) Whoever intentionally violates s. 11.25, 11.26, 11.27(1), 11.30(1) or 11.38 where the intentional violation does not involve a specific figure, or where the intentional violation concerns a figure which exceeds $100 in amount or value may be fined not more than $10,000 or imprisoned not more than 3 years or both.

(c) Whoever intentionally violates any provision of this chapter other than those provided in par. (a) and whoever intentionally violates any provision under par. (b) where the intentional violation concerns a specific figure which does not exceed $100 in amount or value may be fined not more than $1,000 or imprisoned not more than 6 months or both.

(2) Except as provided in s. 11.38(5), all prosecutions under this section shall be conducted by the district attorney of the county where the violation is alleged to have occurred. If the district attorney refuses to act upon a sworn complaint, or fails to act upon such a complaint within 60 days of the date on which the complaint is received, the attorney general may then conduct the prosecution under this section. If a violation concerns a district attorney or circuit judge or candidate for such offices, the prosecution shall be conducted by the attorney general. If a violation concerns the attorney general or a candidate for such office, the governor may appoint a special prosecutor under s. 14.11(2) to conduct the prosecution in behalf of the state. The prosecutor shall be independent of the attorney general and need not be a state employe at the time of appointment.

By its terms, sec. 11.61 does not apply to this case, where the original complaint was brought under sec. 11.36, Stats. Even if this section applied to the facts of this case, sec. 5.05(3)(a), Stats., does not require the Board to notify the proper authorities before initiating a civil forfeiture action.

Section 11.60(4), Stats., unequivocally provides the Board and the proper district attorney concurrent authority to prosecute civil forfeiture actions for alleged violations of sec. 11.36, Stats. Section 5.05(3)(a), Stats., only requires the Board to inform or turn a complaint over to a different prosecutor where appropriate under secs. 11.60(4) and 11.61(2), Stats. The Board here had authority to maintain its position as prosecutor of Hales' alleged campaign financing law violation, without providing any other officials or agencies with notice of the complaint or the facts supporting the complaint.

Based upon the above, Hales' cross-appeal is moot and will not be addressed.

*By the Court.*—Order reversed and orders vacated.

FINE, J. (concurring). I join in the majority's decision except its conclusion that "[b]y its terms, sec. 11.61 does not apply to this case ... ," majority opinion at 313. That is an issue we do not have to decide. Even if the board believed that criminal penalties were appropriate under sec. 11.61, Stats., it may initiate an action for civil penalties without first notifying the appropriate district attorney, the attorney general, or the governor.