STATE of Wisconsin, Plaintiff-Appellant,

v.

William P. ECKOLA, Defendant-Respondent.

Court of Appeals

*No. 01–1044–CR. Submitted on briefs October 15, 2001.—Decided November 13, 20001.*

2001 WI App 295

(Also reported in 638 N.W.2d 903.)

276

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John F. Truby*, assistant district attorney.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Gregory A. Parker* of *Kachinsky & Petit Law Offices*.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.    William Eckola was convicted of operating a motor vehicle with a prohibited

alcohol concentration, sixth offense, contrary to WIS. STAT. § 346.63(1)(b).[1] The State argues that the circuit court erroneously exercised its discretion by placing Eckola on probation without requiring him to serve at least the presumptive minimum period of incarceration required by WIS. STAT. § 346.65(2)(e). We agree. Therefore, we reverse the order and remand for resentencing.

## BACKGROUND

¶ 2.    Eckola was charged with sixth offense prohibited alcohol concentration (PAC), a felony. He waived his preliminary hearing and was bound over for trial. After the information was filed, Eckola entered a plea of no contest. The court accepted his plea and found him guilty.

¶ 3.    At sentencing, the State informed the circuit court that WIS. STAT. § 346.65(2)(e) required a minimum of six months' imprisonment for sixth offense PAC. The court stated that under the administrative guidelines, it "has discretion as to the length of the jail or prison sentence." See WIS. STAT. § 346.65(2m)(a). The circuit court then withheld sentence and placed Eckola on probation for a period of five years. As conditions of probation, Eckola was ordered to maintain absolute sobriety and follow treatment recommended by his probation agent. No period of incarceration was required. This appeal followed.

## STANDARD OF REVIEW

¶ 4.    Sentencing is within the broad discretion of the circuit court, and we will not overturn a sentencing decision unless there has been a clearly erroneous

---

[1] All statutory references are to the 1999–2000 version unless otherwise noted.

exercise of discretion. *State v. Gardner*, 230 Wis. 2d 32, 48, 601 N.W.2d 670 (Ct. App. 1999). An erroneous exercise of discretion occurs when the court errs in its application of the law. If a court bases the exercise of its discretion upon an error of law, its conduct is beyond the limits of discretion. *State v. Hutnik*, 39 Wis. 2d 754, 763, 159 N.W.2d 733 (1968).

## DISCUSSION

¶ 5. The State contends that the circuit court erroneously exercised its discretion by placing Eckola on probation without requiring him to serve at least the presumptive minimum period of incarceration required by WIS. STAT. § 346.65(2)(e). According to the State, the court must impose a period of incarceration of at least six months as a condition of probation for a sixth offense PAC. *See* WIS. STAT. § 973.09(1)(d)1.

¶ 6. WISCONSIN STAT. § 973.09(1)(a) allows the circuit court to place a defendant on probation for a criminal violation. The statute grants the court broad discretion in fashioning a convicted individual's conditions of probation. However, under § 973.09(1)(d), if a circuit court orders probation, the court is required to confine a defendant for at least the "mandatory or presumptive minimum period."

¶ 7. Under WIS. STAT. § 346.65(2)(e), the penalty for PAC states that a person "shall be fined not less that $600 nor more than $2,000 and imprisoned for not less than 6 months nor more than 5 years if the number of convictions . . . equals 5 or more. . . ." Eckola was convicted of sixth offense PAC. At issue is whether the circuit court is required to impose the minimum imprisonment of six months as a condition of probation for sixth offense PAC.

¶ 8. In earlier cases, the circuit court was precluded from ordering probation for a convicted individual when the offense carried with it a mandatory or presumptive minimum sentence. In *State v. Duffy*, 54 Wis. 2d 61, 65, 194 N.W.2d 624 (1972), our supreme court concluded that a court must impose a five-day jail sentence where the legislature provided that a person convicted of driving after license revocation "shall be imprisoned not less than 5 days." WIS. STAT. § 343.44(2) (1969). The court held that to allow probation under WIS. STAT. § 973.09 (1969), in light of § 343.44(2), "would do violence to principles of statutory construction and would contravene the intent of the legislature." *Duffy*, 54 Wis. 2d at 64.

¶ 9. Additionally, in *State v. Meddaugh*, 148 Wis. 2d 204, 435 N.W.2d 269 (Ct. App. 1988), the State successfully appealed a judgment that imposed a thirty-day jail term as a condition of probation following a conviction for third offense OWI. The penalty statute for third offense OWI required that the defendant be imprisoned not less than thirty days nor more than one year. WIS. STAT. § 346.65(2)(c) (1988–89). We concluded that the defendant could not be placed on probation because probation was not a sentence. *Meddaugh*, 148 Wis. 2d at 211.

¶ 10. Subsequent to *Duffy* and *Meddaugh*, the legislature enacted WIS. STAT. § 973.09(1)(d) (1991–92), which read:

> If a person is convicted of an offense that provides a mandatory or presumptive minimum period of one year or less of imprisonment, a court may place the person on probation under par. (a) if that court requires, as a condition of probation, that the person be confined under sub. (4) for at least that mandatory or presump-

tive minimum period . . . This paragraph does not apply if the conviction is for any violation under § 346.63.

Under this new paragraph, the circuit court had the discretion to place a defendant on probation for any crime that required one year or less imprisonment. However, the court was required to order confinement for at least the mandatory or presumptive minimum period as a condition of probation. Initially, this paragraph did not apply to OWI or PAC violations.

¶ 11. In *State v. DeLeon*, 171 Wis. 2d 200, 490 N.W.2d 767 (Ct. App. 1992), we addressed WIS. STAT. § 973.09(1)(d) (1991–92) for the first time. De-Leon was facing a presumptive minimum sentence of one year's imprisonment for conspiring to possess with intent to deliver more than twenty-five grams of cocaine. *Id.* at 202. The circuit court placed DeLeon on probation and required six months in jail as a condition of the probation. *Id.* at 202–03. We reversed the sentence because § 973.09(1)(d) required the court to impose at least the presumptive one-year minimum period of confinement as a condition of probation. *Id.* at 204–05.

¶ 12. Later, WIS. STAT. § 973.09(1)(d) was amended. Section 973.09(1)(d)1 now includes certain violations under WIS. STAT. § 346.63:

**(1) Probation.**

. . . .

(d) If a person is convicted of an offense that provides a mandatory or presumptive minimum period of one year or less of imprisonment, a court may place the person on probation under par. (a) if the court requires, as a condition of probation, that the person be confined under sub. (4) for at least that mandatory or presump-

281

tive minimum period. The person is eligible to earn good time credit calculated under s. 302.43 regarding the period of confinement. This paragraph does not apply if the conviction is for any of the following:

1. A violation under s. 346.63 (1) that subjects the person to a mandatory minimum period of imprisonment under s. 346.65 (2) (b) or (c).

Sections 346.65(2)(b) and (c) relate to penalties for second and third offense OWI and PAC. Thus, probation is now permitted for fourth and subsequent OWI and PAC violations, as long as the probation requires confinement for at least the mandatory minimum time period.

¶ 13. Here, the circuit court placed Eckola on probation for sixth offense PAC, but did not require him to serve any period of imprisonment as a condition of probation. At the sentencing hearing, the court was alerted to the statutory minimum six-month jail requirement. Nevertheless, the court stated that, "[u]nder the administrative guidelines . . . the Court has discretion as to the length of the jail or prison sentence."

¶ 14. The circuit court's reference was apparently to WIS. STAT. § 346.65(2m)(a), which reads:

In imposing a sentence under sub. (2) for a violation of s. 346.63 (1) (b) or (5) or a local ordinance in conformity therewith, the court shall review the record and consider the aggravating and mitigating factors in the matter. If the level of the person's blood alcohol level is known, the court shall consider that level as a factor in sentencing. The chief judge of each judicial administrative district shall adopt guidelines, under the chief judge's authority to adopt local rules under SCR 70.34, for the consideration of aggravating and mitigating factors.

282

Nothing in the statute authorizes the court to disregard the mandatory minimum sentencing requirements established by the legislature.

¶ 15.   When the circuit court, in its discretion, determines that a defendant will be placed on probation, WIS. STAT. § 973.09(1)(d) requires that the person be confined for at least the mandatory minimum period. Here WIS. STAT. § 346.65(2)(e) requires that a defendant be imprisoned for at least six months for fifth or greater offense PAC. Eckola was convicted of sixth offense PAC. Therefore, the court was required to confine Eckola for at least six months as a condition of probation.

¶ 16.   When the circuit court has made an error that underlies the exercise of its discretion, we may not exercise the court's discretion for it. Rather, we are to remand to permit the court to exercise its discretion. *Wisconsin Ass'n of Food Dealers v. City of Madison*, 97 Wis. 2d 426, 434–35, 293 N.W.2d 540 (1980). We therefore reverse and remand for resentencing.

*By the Court.*—Order reversed and cause remanded.