STATE of Wisconsin, Plaintiff-Respondent,

v.

Tony J. LALICATA, Defendant-Appellant.†

Court of Appeals

*No. 2012AP225–CR. Submitted on briefs October 30, 2012.
—Decided November 21, 2012.*

2012 WI App 138

(Also reported in 824 N.W.2d 921.)

† Petition for Review filed January 18, 2013.

342

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Katie R. York*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Sandra L. Tarver*, assistant attorney general.

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. BROWN, C.J.   The defendant, Tony Lalicata, argues that the trial court and his own trial counsel erred by failing to recognize that he was potentially eligible for a stayed sentence and probation under WIS. STAT. § 973.09(1)(a) (2009–10),[1] instead of the mandatory minimum sentence of twenty-five years imprisonment, upon his conviction of first-degree sexual assault of a child under age twelve. Lalicata's argument is a

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

flawed reading of the statutes. The clear legislative intent is for the mandatory minimum period of imprisonment for first-degree child sexual assault to be truly mandatory, with no probation option. We affirm.

¶ 2. Lalicata was convicted of violating Wis. Stat. § 948.02(1)(b), first-degree sexual assault of a child under the age of twelve, in March 2011. At the sentencing hearing, the trial court and both attorneys believed that under Wis. Stat. § 939.616(1r), conviction of this offense triggered a mandatory minimum sentence of twenty-five years of imprisonment. While a number of family members, including the victim's grandfather, urged leniency, the court concluded it had little discretion and ruled as follows:

> This Court sees absolutely no reason to impose more than the mandatory minimum in [this] case. You have got no record, no issues. [It] doesn't matter [that] half the people in the courtroom think you didn't do it. I need to honor the verdict of the jury, so I'm going to assume you did it. I assume you need to be punished. I assume you need rehabilitation, and the legislature has determined the minimum period for that is 25 years.

¶ 3. Lalicata brought a postconviction motion, seeking a new sentencing hearing on grounds that his trial counsel was ineffective for failing to realize that the court could impose but stay the mandatory minimum sentence and give probation instead.[2] The court rejected this argument:

> I am going to conclude that, under Wisconsin law, probation is not an alternative for a violation of [Wis.

---

[2] Lalicata also argued in that motion that his trial counsel was ineffective in failing to meaningfully inform him of a plea offer from the prosecution, but the trial court rejected that argument and Lalicata does not raise it on appeal.

STAT. §] 948.02(1)(b), and I'm going to rely on the plain language of [WIS. STAT. §] 939.616[1r] that says that if a person is convicted of a violation of Section 948.02(1)(b), the Court, quote, shall, end of quote, impose a bifurcated sentence under Section 973.01.

¶ 4.    On appeal, Lalicata renews this argument. He asserts that because the legislature did not expressly prohibit probation for a violation of WIS. STAT. § 948.02(1)(b), probation is permitted. Lalicata's argument begins with language in the probation statute stating that "[e]xcept [for life imprisonment sentences] or if probation is prohibited for a particular offense by statute . . . the court, by order, may withhold sentence or impose sentence . . . and stay its execution, and in either case place the person on probation." WIS. STAT. § 973.09(1)(a).

¶ 5.    He then cites WIS. STAT. § 939.616(1r), which states that "[i]f a person is convicted of a violation of [WIS. STAT. §] 948.02(1)(b) . . . the court shall impose a bifurcated sentence under [WIS. STAT. §] 973.01. The term of confinement in prison portion of the bifurcated sentence shall be at least 25 years." He notes that nowhere in this statute does the legislature expressly prohibit probation. In fact, probation is not even mentioned.

¶ 6.    He next contrasts this circumstance with two other mandatory minimum sentence statutes which expressly provide that "[t]he court may not place the defendant on probation." These statutes are WIS. STAT. §§ 939.618(2)(a) and 939.619(2). He cites these two statutes as proof that the legislature knows how to prohibit probation when it wishes. He then reasons that, because nowhere in WIS. STAT. § 939.616(1r) has the legislature expressly prohibited probation, the legislature must have determined that probation is an

alternative. By this line of reasoning, he posits that probation is always available unless statutory language literally states that "probation is prohibited."

¶ 7. The State responds with a well-established series of cases, albeit in a different context (presumptive minimum sentences for certain traffic offenses), which distinguished between the verbs "may" and "shall," and held that probation was never available if the legislature directed that a violator "shall be imprisoned" for a certain minimum period. *See State v. Duffy*, 54 Wis. 2d 61, 65, 194 N.W.2d 624 (1972), *superseded by statute as stated in State v. Eckola*, 2001 WI App 295, ¶ 10, 249 Wis. 2d 276, 638 N.W.2d 903; *State v. McKenzie*, 139 Wis. 2d 171, 176–77, 407 N.W.2d 274 (Ct. App. 1987); *State v. Meddaugh*, 148 Wis. 2d 204, 208–10, 435 N.W.2d 269 (Ct. App. 1988), *superseded by statute as stated in Eckola*, 249 Wis. 2d 276, ¶ 10. The State also cites Wis. Stat. § 973.09(1)(d), which was enacted after this line of traffic offense cases, and which expressly authorizes probation for such offenses on the condition that "the person be confined . . . for at least [the] mandatory or presumptive minimum period [required for that offense]." *Id.* The State asserts that, since § 973.09 makes no provision for probation in cases of mandatory sentences greater than one year, probation remains unavailable under the logic of the cases that predate § 973.09(1)(d).

¶ 8. Interpretation of a statute is a question of law that we review de novo. *State v. Stenklyft*, 2005 WI 71, ¶ 7, 281 Wis. 2d 484, 697 N.W.2d 769. We begin with the pertinent statutory language, reading it "in the context in which it is used; not in isolation but as a part of a whole; in relation to the language surrounding or closely-related statutes; and reasonably, to avoid absurd

or unreasonable results." *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110.

¶ 9. As already stated, the probation statute, WIS. STAT. § 973.09(1)(a), provides that a court "may withhold sentence or impose sentence . . . and stay its execution, and in either case place the person on probation," except that probation is not available if the sentence is a life sentence or "if probation is prohibited for a particular offense by statute." Sec. 973.09(1)(a). Thus, we must resolve whether the legislature "prohibited" probation for the offense of first-degree child sexual assault.

¶ 10. The sentencing statute for first-degree child sexual assault is in WIS. STAT. § 939.616, which is the first in a series of related criminal statutes, all of which direct courts to impose minimum sentences for particular crimes. This series of statutes constitutes "surrounding or closely-related statutes," *see Kalal*, 271 Wis. 2d 633, ¶ 46, for § 939.616 and provides proper context for interpreting whether that statute "prohibits" probation.

¶ 11. WISCONSIN STAT. § 939.616 is entitled "Mandatory minimum sentence for child sex offenses." Sec. 939.616. The relevant portion of the statute provides that for certain offenses, including first-degree sexual assault of a child under age twelve, the minimum term of confinement in prison portion of the sentence for the listed crimes "shall be at least 25 years." Sec. 939.616(1r). Though Lalicata is correct that the words "probation" and "prohibited" do not appear in this statute, an ordinary reading of the statement that the "term of confinement in prison portion of the bifurcated sentence shall be at least 25 years" is not consistent with allowing probation. *See Duffy*, 54 Wis. 2d at 65 &

n.1 (reasoning that in sentencing statutes the legislature uses "may" to leave the court discretion and "shall" to remove its discretion); *Meddaugh*, 148 Wis. 2d at 207–08 (discussing *Duffy* and the distinction between "may" and "shall").

¶ 12.  The very next statute, WIS. STAT. § 939.617, is entitled, "Minimum sentence for certain child sex offenses." This title contrasts with the prior statute's title because the word "mandatory" is omitted and the statute is directed at "certain" child sex offenses. What's more, this statute expressly *allows* probation for certain crimes[3]:   "[T]he court may impose a sentence that is less than the [minimum], or *may place the person on probation,* only if the court finds that the best interests of the community will be served and the public will not be harmed." Sec. 939.617(2) (emphasis added). Thus, § 939.617 shows that the legislature knew very well how to create exceptions allowing probation for crimes that ordinarily trigger a minimum sentence of confinement. And when it did so, the legislature helpfully omitted the word "mandatory" from the statute's title.

¶ 13.  The last two statutes in the series, WIS. STAT. § 939.618 and 939.619, are both entitled *"Mandatory* minimum sentence" (for "repeat serious sex crimes" and "repeat serious violent crimes," respectively). (Emphasis added). Each one provides in relevant part that "[t]he term of confinement in prison . . . may not be less than 3 years and 6 months" for the specified crimes. Secs. 939.618(2)(a) and 939.619(2). Also, as Lalicata emphasizes, in these two statutes the legislature ex-

---

[3] Specifically, child sexual exploitation, WIS. STAT. § 948.05, use of a computer to facilitate a child sex crime, WIS. STAT. § 948.075, and possession of child pornography, WIS. STAT. § 948.12.

pressly provides that "[t]he court may not place the defendant on probation." Secs. 939.618(2)(a) and 939.619(2).

¶ 14. Reading this series of minimum sentence statutes as a whole, we are convinced that by labeling WIS. STAT. § 939.616 a "mandatory minimum sentence" statute and stating that "the court shall impose a bifurcated sentence" and that "[t]he term of confinement in prison portion of the bifurcated sentence shall be at least 25 years," § 939.616(1r), the legislature has clearly prohibited probation. This is the ordinary interpretation of such language. Also, in the very next statute, the legislature removed the word "mandatory" from the title and expressly stated that for "certain child sex offenses" probation was sometimes available. It does not make sense that, as Lalicata claims, the legislature at the same time intended to imply, silently, in the immediately preceding statute, that probation is likewise available for the more serious crime of first-degree child sexual assault. While it is true that the legislative intent would be even clearer if § 939.616 contained the express language that is included in WIS. STAT. §§ 939.618 and 939.619, i.e., "[t]he court may not place the defendant on probation," nothing in WIS. STAT. § 973.09(1)(a) makes such language the sole way to "prohibit" probation. We conclude instead that § 939.616(1r) unambiguously prohibits probation, within the meaning of § 973.09, when it directs that the court "shall" impose a term of confinement of at least twenty-five years.

¶ 15. Our interpretation of the language of WIS. STAT. § 939.616(1r) is confirmed by WIS. STAT. § 973.09. There, in providing for the option for probation, the

349

legislature explains that "the court, by order, may *withhold sentence or impose sentence . . . and stay its execution.*" (Emphasis added). We presume the legislature is aware of existing law when it enacts laws. *Schill v. Wisconsin Rapids Sch. Dist.*, 2010 WI 86, ¶ 103, 327 Wis. 2d 572, 786 N.W.2d 177. Under § 973.09(1)(a), when courts have the power to grant probation, they may either impose sentence and stay it or withhold sentencing altogether. We are not aware of any statute whereby the court has the power to impose and stay a sentence and place the defendant on probation, but not the power to withhold sentencing. Yet, for Lalicata's rationale to work, § 939.616(1r) must do exactly this, i.e., allow imposing and staying a sentence but not withholding a sentence. To demarcate some legislative line between imposing and staying and withholding suggesting that a court may do one but not the other, defies common sense. There can be no earthly reason for it that we can think of. If the legislature had thought of a reason, it would have said so. It did not.

¶ 16.  In short, there is no way to reconcile the option to "withhold" sentence in Wis. Stat. § 973.09(1) with the mandate that the court "shall impose" sentence in Wis. Stat. § 939.616(1r). We reject Lalicata's implausible reading, that the "impose and stay" option is available when, by Lalicata's logical progression, withholding a sentence is not available.

¶ 17.  The legislature meant what it said:  first-degree sexual assault carries a mandatory minimum sentence of twenty-five years in prison. Probation was never an option in Lalicata's sentencing.

*By the Court.*—Judgment and order affirmed.