**2023 WI App 13**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:          2021AP859-CR

†Petition for Review filed

Complete Title of Case:


STATE OF WISCONSIN,

PLAINTIFF-APPELLANT,

V.

LYNNE M. SHIRIKIAN,

DEFENDANT-RESPONDENT. †


| | |
|---|---|
| Opinion Filed: | February 1, 2023 |
| Submitted on Briefs: | January 5, 2023 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Neubauer, Grogan and Lazar, JJ. |
|     Concurred: | |
|     Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael C. Sanders*, assistant attorney general, and *Joshua L. Kaul*, attorney general. |
| Respondent ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *Douglas M. Raines* of *Husch Blackwell, LLP*, Milwaukee. |

# COURT OF APPEALS
# DECISION
# DATED AND FILED

## February 1, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP859-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2020CF662**

**IN COURT OF APPEALS**

---

STATE OF WISCONSIN,

    PLAINTIFF-APPELLANT,

V.

LYNNE M. SHIRIKIAN,

    DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Waukesha County: JENNIFER DOROW, Judge. *Reversed and cause remanded with directions*.

Before Neubauer, Grogan and Lazar, JJ.

¶1 GROGAN, J. The State appeals an order denying its motion to resentence Lynne M. Shirikian, who was convicted of operating a motor vehicle while intoxicated (OWI), fifth or sixth offense, contrary to WIS. STAT.

§§ 346.63(1)(a), 939.50(3)(g), and 343.301(1g) (2019-20).[1]  The circuit court imposed but stayed Shirikian's sentence and instead placed her on probation with nine months of conditional jail time.  The State contends the applicable statutes do not authorize the circuit court to place Shirikian on probation for an OWI fifth or sixth.[2]  Rather, the State contends the statutes unambiguously require the circuit court to either:  (1) impose the one year and six month presumptive mandatory minimum term of initial confinement; or (2) "if the court finds that the best interests of the community will be served and the public will not be harmed and if the court places its reasons on the record[,]"[3] impose a sentence less than the presumptive mandatory minimum, but not less than a one-year term of initial confinement.

¶2      We agree that the plain statutory language requires a circuit court to impose either the presumptive mandatory minimum sentence or, if the circuit court finds the exception applies, a sentence of no less than a one-year term of initial confinement to be served in prison.  The law does not authorize the circuit court to impose but stay the sentence and instead place the defendant on probation.  Therefore, because the circuit court imposed a sentence contrary to the law, we reverse and remand with directions to the circuit court to resentence Shirikian to a sentence that complies with the statutes.

---

[1]  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2]  Although this was Shirikian's *fifth* OWI, the charging statute for fifth and sixth is the same.  Thus, a person charged with a fifth OWI is charged under the same statute as a person charged with a sixth OWI.  We will refer to both "OWI fifth" and "OWI fifth or sixth" depending on the context.

[3]  WIS. STAT. § 346.65(2)(am)5.

## I.  BACKGROUND

¶3      On May 27, 2020, shortly after 2:00 p.m., police arrested Shirikian for OWI, fifth or sixth offense, after a series of reports from citizen witnesses.  A grocery store employee had called police to report a woman, later identified as Shirikian, who appeared intoxicated and who attempted to steal alcohol from the store.  Another citizen witness reported seeing Shirikian in the store's alcohol aisle and said that Shirikian smelled of alcohol and was swaying and staggering as she stood.  A third citizen witness called police when she observed Shirikian driving erratically—swerving and driving up on a curb.  When police made contact with Shirikian, they observed a very strong odor of alcohol, bloodshot eyes, a flushed face, and heavily slurred speech.  When asked if she had been drinking, Shirikian told the police she had vodka mixed with tequila, orange juice, wine, and water at 5:00 a.m.  Shirikian failed all three field sobriety tests, and the police arrested her for OWI.  They took Shirikian to the hospital, read her the Informing the Accused Form, and asked if she would consent to provide a blood sample.  Shirikian refused. The police obtained a search warrant, and the blood test results ultimately revealed a blood alcohol concentration (BAC) of .299.

¶4      Because Shirikian had four prior OWI convictions, the State charged her with OWI as a fifth or sixth offense, which is a Class G felony with a maximum penalty of ten years of imprisonment, a $25,000 fine, or both.  *See* WIS. STAT. § 939.50(3)(g).  A fifth- or sixth-offense OWI carries a presumptive mandatory minimum sentence of one year and six months[4] of initial confinement.  WIS. STAT. § 346.65(2)(am)5.  After receiving the lab results for the BAC test, which indicated

---

[4] This opinion will interchangeably refer to the presumptive mandatory minimum as "one year and six months" and "eighteen months."

Shirikian's BAC was .299 at the time of the blood draw, the State amended the OWI complaint to add a charge of operating a motor vehicle with a prohibited alcohol concentration (PAC), fifth or sixth offense, and added alcohol fine enhancers on both counts.

¶5 On May 29, 2020, Shirikian was released on $750 cash bail with multiple conditions, including that she maintain "[a]bsolute sobriety[.]" Shirikian violated the absolute sobriety condition in July 2020, which resulted in the State charging her with felony bail jumping, contrary to WIS. STAT. § 946.49(1)(b), in a separate case.[5]

¶6 In February 2021, Shirikian entered into a plea bargain with the State. She agreed to plead guilty to the OWI fifth and to refusal to consent to a blood test, and the State agreed to dismiss and read in the felony bail-jumping charge from the July 2020 case. Pursuant to the agreement, the State would request substantial prison time, while the defense would request probation.

¶7 On February 12, 2021, the circuit court accepted Shirikian's plea, and the case proceeded immediately to sentencing. The State noted that Shirikian's violation of her bail condition, which resulted in the felony bail-jumping charge, made this a more aggravated case. It pointed out that while out on bail on the initial charge, Shirikian was caught at a store again trying to conceal alcohol just six weeks later, and she had also been drinking, as evidenced by the .096 preliminary breath test performed at that time. In response, Shirikian argued that she is an alcoholic who relapsed because of COVID-19[6]—her craving for alcohol was so strong that

---

[5] Waukesha County case No. 2020CF1021.

[6] The World Health Organization declared a global pandemic of Coronavirus Disease 2019 (COVID-19) on March 11, 2020, due to widespread human infection worldwide.

she broke into a locked garage where a spare vehicle key was hidden in a toolbox, and her desperation led her to try to attempt to steal alcohol. Defense counsel also told the circuit court that since her bail-jumping charge, Shirikian had received treatment and had been sober for seven months. As to the refusal, Shirikian argued that although a refusal is normally an aggravating factor, here, she was so drunk that "[s]he didn't know what was going on." She also acknowledged the statute for OWI fifth requires a presumptive mandatory minimum sentence of eighteen months, but urged the court to consider "some type of probation, Huber, house arrest."

¶8 The circuit court acknowledged that OWIs are "a plague on [the] community" and stated that the fact Shirikian could function with a BAC of .299 indicated that Shirikian did not just drink that day—but that this was a progression over a period of time. The court noted that Shirikian's OWI convictions started in 1989 and that she had periods of time between the third, fourth, and fifth OWI charges. It further observed that Shirikian successfully completed the probation sentence imposed on her fourth OWI, but noted the aggravating factor that Shirikian violated her absolute sobriety bail condition after being arrested and charged with OWI fifth.

¶9 In discussing its sentencing options, the circuit court went on to state:

> You know, I don't start with a clean slate here in the sense of the law tells me I must consider this presumptive minimum, 18 months, unless I am able to make a finding that it is in the best interest of the community a sentence of less than that will be served and the public will not be harmed and I place adequate reasons on the record.
>
> That's a tough one for me. How do I make a finding that confinement of less than one year and 6 months is in the best interest of the community, and will not harm [the] public, when you've had four priors? When you've been given the opportunity for probation in the past? Can I do that under the circumstances of this case?

5

The court further noted the seriousness of a fifth-offense OWI, which carries a maximum penalty of ten years of imprisonment. The court also recognized mitigating factors that included family support, recent treatment, volunteer work, and that Shirikian had signed up for an online class to assist with her career. However, the circuit court also observed that:

> [T]his is not your standard Fifth Offense in the sense of some of those aggravated things that I mentioned. And you've been on probation before. That's that tension, right? That -- almost a paradox that I have to resolve for my own self and -- And can I even make a finding that the public will not be harmed?

¶10 The circuit court then imposed but stayed a sentence of three years of initial confinement followed by two years of extended supervision. Instead of sending Shirikian to prison, however, it placed Shirikian on probation for three years, ordered her "to serve 9 months of condition time with Huber release privileges[,]" to "comply with day report" during probation, and to "[m]aintain absolute sobriety." Then, the court concluded:

> I will make a finding today that the presumptive bifurcated sentence of one and a half years is not needed. I will make a finding that the best interests of the community will be served and the public will not be harmed by a 9-month -- 9 months of condition time under all of the terms and conditions that I've set for her probation.

The court also imposed a financial penalty of $2,400 plus costs and fees.

¶11 After the circuit court announced the sentence, the prosecutor advised the circuit court that she believed the law required the court to sentence Shirikian to at least one year of confinement in prison, even if it found a reason to sentence Shirikian below the presumptive mandatory minimum of eighteen months. The following exchange ensued:

6

> THE COURT: Is that a case? Or is that -- It's not in the charging portion. It just says I can go less than one year, 6 months.
>
> And it just says I can impose a term of confinement that is less than one year and 6 months. Doesn't say initial confinement. Just says confinement which has traditionally been interpreted --
>
> [PROSECUTOR]: I'm not -- You know, Judge, I'll --
>
> THE COURT: I know it's a tough one. I mean, it's not one that I've been presented with to date yet where I've sentenced someone under the new case but --
>
> [PROSECUTOR]: Correct. I'm just looking at some analysis that I received from the Department of Justice, indicating that it thinks the statute says the court shall impose a bifurcated sentence, with at least one year and 6 months of initial confinement.
>
> Or if the court finds that the best interests of the community will be served and the public not be harmed, it shall impose a bifurcated sentence with at least one year of initial confinement….
>
> THE COURT: I mean, obviously, if that is what the law requires, I would be doing something very different than simply be imposing a 5-year sentence. I want the parties to know that.
>
> I'm not sure how you all want me to address that. I mean, I certainly want to make sure I give a sentence that's compliant with the law. Again, I'll read this. It says -- Let me -- I know your charging language may not necessarily be the statute. So give me a second. When in doubt, read the statute.

¶12 The court then asked defense counsel what she thought, and counsel indicated her belief that the statute allowed the court to give probation. The court and prosecutor went on to further discuss WIS. STAT. § 346.65(2)(am)5's requirements:

> THE COURT: So I think [the statute] mirrors the charging language if I'm not mistaken. It says, the court shall impose a bifurcated sentence under Section 973.01.

*And the confinement portion of the bifurcated sentence imposed on the person shall be not less than 1 year and 6 months.* The court may impose a term of confinement that is less than the one year and 6 months, if the court finds that the best interests of the community will be served and the public will not be harmed and if the court places its reasons on the record.

The plain language of this statute clearly says the court may impose a term of confinement that is less than one year and 6 months.

It does not say the court may impose a bifurcated sentence or a term of initial confinement that is less than one year and 6 months. And I think that is a clear indication to the court that -- I mean, confinement is -- could be anything from a day, to -- obviously up to the maximum here. Obviously there's other statutes that -- Well, I know you [defense counsel] thought it was 6 months .... That may be the old law, so I don't know that that necessarily gives us guidance.

But I'm going to I guess, interpret that as confinement can include probation and condition time that's less than the one year and 6 months. That's not a mandatory prison sentence because of that language that says the court may order or the court may impose a term of confinement that is less than one year and 6 months.

I have to presume the legislature understood what it was doing, that the use of the word confinement was intentional, and that had it wanted this court and a sentencing court to only impose a prison term, would have used a similar phrase like it did in the prior sentence of a bifurcated sentence, or initial confinement, to then trigger a mandatory prison sentence. So I'm gonna --

[PROSECUTOR]: Well, Judge, I'm not gonna quibble.

THE COURT: Go ahead.

[PROSECUTOR]: But just to make the record, I mean, the sentence before that says, "The court shall impose a bifurcated sentence under 973, and the confinement portion of the bifurcated sentence imposed on the person shall be not less than one year and 6 months[.]"

Then when it goes to the next sentence, it again uses the word confinement.

8

> So I think if they were meaning a jail sentence was appropriate, they would have said incarceration. But I let the court make the sentence that you have made.
>
> THE COURT: Right. It's -- I understand. I appreciate the record. I'm gonna stand by my sentence today, and that's what I'm gonna order.

(Emphasis added.)

¶13 Judgment was entered on February 18, 2021.[7] On March 2, 2021, the State filed a motion for resentencing, contending the circuit court imposed an unlawful sentence. The Wisconsin Department of Corrections (DOC) likewise sent the circuit court a letter dated March 5, 2021, requesting that the court review the sentence because it did not believe the law authorized the probation sentence the court had imposed. The court did not agree with the DOC's letter advising the court that the sentence it imposed was unlawful.[8]

¶14 On April 1, 2021, the circuit court denied the State's resentencing motion without holding a hearing. It believed its sentence was "valid and in accordance with the Court's authority" and that resentencing Shirikian would violate double jeopardy.

---

[7] The circuit court entered an amended judgment of conviction on April 5, 2021.

[8] The DOC noted in its letter to the circuit court that while 2019 Wis. Act 106 and WIS. STAT. § 346.65(2)(am)5 allow for "a lesser initial confinement term under certain circumstances," "an offender convicted of OWI 5th or 6th under § 346.65(2)(am)5 is not eligible to be ordered for a term of probation and instead is subject to a bifurcated prison sentence under WIS. STAT. § 973.01[.]"

9

¶15 The State now appeals.[9]

## II. STANDARD OF REVIEW

¶16 This case involves statutory interpretation, which is a question of law we review de novo. ***State v. Neill***, 2020 WI 15, ¶14, 390 Wis. 2d 248, 938 N.W.2d 521. "'Whether an individual's constitutional right to be free from double jeopardy has been violated is a question of law that this court reviews de novo.'" ***State v. Robinson***, 2014 WI 35, ¶18, 354 Wis. 2d 351, 847 N.W.2d 352 (citation omitted).

## III. STATUTES

¶17 The primary statute at issue here is WIS. STAT. § 346.65(2)(am)5, which governs how a court is required to sentence a person convicted of an OWI fifth or sixth offense. It provides, in relevant part, that:

> The court shall impose a bifurcated sentence under s. 973.01, and the confinement portion of the bifurcated sentence imposed on the person shall be not less than one year and 6 months. The court may impose a term of confinement that is less than one year and 6 months if the court finds that the best interests of the community will be served and the public

---

[9] The State filed a Notice of Appeal on May 13, 2021, following entry of the circuit court's April 1, 2021 written order denying the State's resentencing motion. On April 8, 2022, this court ordered the parties to file memoranda addressing whether the State timely filed its appeal and whether this court had jurisdiction. On June 20, 2022, this court entered an order stating we would address the timeliness and jurisdictional questions in the final decision.

Having reviewed these issues, we conclude the State timely appealed from the circuit court's April 1, 2021 written order and that this court has jurisdiction over the appeal. WISCONSIN STAT. § 974.05(1)(a) allows the State to appeal an adverse final judgment or order after a guilty plea, and WIS. STAT. § 808.04(1) provides that "[a]n appeal to the court of appeals must be initiated within 45 days of entry of a final judgment or order appealed from[.]" Although the State could have appealed the judgment of conviction itself pursuant to § 974.05(1)(c), it was not prohibited from filing its resentencing motion and then appealing from the circuit court's denial of that motion. Moreover, as we will explain later in this opinion, neither this appeal nor this opinion implicate Shirikian's double jeopardy protections.

will not be harmed and if the court places its reasons on the record.

In turn, WIS. STAT. § 973.01 provides, as relevant:

> **(1)** BIFURCATED SENTENCE REQUIRED. Except as provided in sub. (3), whenever a court sentences a person to imprisonment in the Wisconsin state prisons for a felony committed on or after December 31, 1999, or a misdemeanor committed on or after February 1, 2003, the court shall impose a bifurcated sentence under this section.
>
> **(2)** STRUCTURE OF BIFURCATED SENTENCES. A bifurcated sentence is a sentence that consists of a term of confinement in prison followed by a term of extended supervision under s. 302.113. The total length of a bifurcated sentence equals the length of the term of confinement in prison plus the length of the term of extended supervision. An order imposing a bifurcated sentence under this section shall comply with all of the following:
>
> ….
>
> (b) *Confinement portion of bifurcated sentence.* The portion of the bifurcated sentence that imposes a term of confinement in prison may not be less than one year[.]

## IV. DISCUSSION

¶18     When interpreting statutes, we begin with the statutory language, and if the meaning of the text is plain, we go no further. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* Context and statutory structure are both important in determining a statute's meaning. *Id.*, ¶46. Thus, "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably,

to avoid absurd or unreasonable results." *Id.* We also "give reasonable effect to every word, in order to avoid surplusage" when possible. *Id.*

¶19 If the analytical process set forth above "'yields a plain, clear statutory meaning,'" then the statute is unambiguous, and we apply the statute "'according to this ascertainment of its meaning.'" *Id.* (citation omitted). If a statute is unambiguous, a court may consider the statute's "scope, context, and purpose" in determining the statute's plain meaning "as long as the scope, context, and purpose are ascertainable from the text and structure of the statute itself[.]" *Id.*, ¶48. "[A] statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses." *Id.*, ¶47.

*A. WISCONSIN STAT. § 346.65(2)(am)5 Requires a Bifurcated Sentence.*

¶20 Having set forth the proper interpretative framework, we turn to the language of the statute at issue. The first sentence of WIS. STAT. § 346.65(2)(am)5[10] states that the sentencing court "shall impose a bifurcated sentence under s. 973.01," and then goes on to state that: "the confinement portion of the bifurcated sentence imposed on the person shall be not less than one year and 6 months." The second sentence of the statute permits the sentencing court the discretion to "impose a term of confinement that is less than one year and 6 months if the court finds that the best

---

[10] In referring to the "first sentence" of WIS. STAT. § 346.65(2)(am)5, we are referring to what is actually the second sentence of the full statute. That sentence states: "The court shall impose a bifurcated sentence under s. 973.01, and the confinement portion of the bifurcated sentence imposed on the person shall be not less than one year and 6 months." *Id.* Likewise, in referring to the "second sentence" of that statute, we are referring to what is actually the third sentence of the full statute, which states: "The court may impose a term of confinement that is less than one year and 6 months if the court finds that the best interests of the community will be served and the public will not be harmed and if the court places its reasons on the record." *Id.*

interests of the community will be served and the public will not be harmed and if the court places its reasons on the record."

¶21 The State contends the statute is unambiguous. It argues that because WIS. STAT. § 346.65(2)(am)5 requires a *bifurcated sentence*, which by law consists of an initial "term of confinement in prison [that] may not be less than one year," WIS. STAT. § 973.01(2)(b), the exception in § 346.65(2)(am)5 does not allow a sentencing court to reduce the eighteen-month term of confinement to anything less than one year of confinement in prison. The State also argues that the law does not permit the circuit court to stay Shirikian's sentence, nor does the law authorize the circuit court to place Shirikian on probation. Rather, according to the State, the exception in § 346.65(2)(am)5 requires Shirikian to receive a bifurcated sentence of at least one year of confinement in prison. The State identifies this as the shortest possible sentence under the law for a fifth or sixth OWI.

¶22 Shirikian disagrees. First, citing WIS. STAT. § 973.15(8)(a)1, she contends the circuit court may stay an imposed sentence for "legal cause" and argues that WIS. STAT. § 346.65(2)(am)5's exception constitutes "legal cause." She also contends that a stay is legally permissible under § 973.09(1)(a), which allows a court to "withhold sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation[.]" She also argues that probation is permitted under WIS. STAT. § 973.09(1)(d), which provides that "a court may place [a] person on probation under [§ 973.09(1)(a)]" when the "person is convicted of an offense that provides a mandatory or presumptive minimum period of one year or less of imprisonment" so long as "the court requires, as a condition of probation, that the person be confined under sub. (4) for at least that mandatory or presumptive

13

minimum period." Sec. 973.09(1)(d).[11] According to Shirikian, because the § 346.65(2)(am)5 exception allows a court to impose a sentence that is less than eighteen months, this satisfies § 973.09(1)(d).

¶23 Shirikian also argues that the term "confinement" in WIS. STAT. § 346.65(2)(am)5 does not specifically mean confinement in prison, but rather that in light of WIS. STAT. § 973.09(4)(a), which references "county jail, Huber facilit[ies], work camp, [and] tribal jail," it could mean any type of confinement. Finally, she asserts that if we conclude § 346.65(2)(am)5 is ambiguous, the rule of lenity applies and ordering the circuit court to resentence Shirikian would violate her double jeopardy rights.

¶24 For the reasons set forth below, we conclude that the text of WIS. STAT. § 346.65(2)(am)5 is plain and has only one reasonable meaning. Accordingly, the statute is unambiguous.[12]

¶25 Once again, WIS. STAT. § 346.65(2)(am)5's relevant language provides:

> The court shall impose a bifurcated sentence under s. 973.01, and the confinement portion of the bifurcated sentence imposed on the person shall not be less than one year and 6 months. The court may impose a term of confinement that is less than one year and 6 months if the court finds that the best interests of the community will be served and the public will not be harmed and if the court places its reasons on the record.

---

[11] WISCONSIN STAT. § 973.09(4) allows a court to impose condition time as a condition of probation and allows the court to "grant the privilege of leaving the county jail, Huber facility, work camp, or tribal jail" under certain conditions.

[12] Based on this conclusion, we decline to address Shirikian's arguments on ambiguity and the rule of lenity.

This language does three things. First, this language unambiguously states that when a person is convicted of a fifth or sixth OWI, the circuit court is *required to* ("shall") impose a bifurcated sentence. The law governing imposition of a bifurcated sentence is clearly set forth in WIS. STAT. § 973.01, which confirms that a bifurcated sentence consists of: (1) an initial term of confinement of *at least one year in prison*; and (2) a term of extended supervision. "The total length of a bifurcated sentence equals the length of the term of confinement in prison plus the length of the term of extended supervision." Sec. 973.01(2).

¶26    Second, WIS. STAT. § 346.65(2)(am)5 informs the sentencing court that the confinement portion of the bifurcated sentence for a fifth- or sixth-OWI offender must be a minimum of eighteen months.[13]

¶27    Third, WIS. STAT. § 346.65(2)(am)5 provides a statutory exception to the eighteen-month presumptive mandatory minimum. If the sentencing court finds both that: (1) "the best interests of the community will be served"; and (2) "the public will not be harmed," the court may depart from the mandatory eighteen-month initial confinement term "if [it] places its reasons on the record." *Id.* However, the statutory language is clear that if the court determines that the exception applies, the court must still comply with the statute's first mandate—that the court impose a bifurcated sentence. This is so because when we interpret statutes, we must interpret the words the legislature chooses in the context of the statute itself. *Kalal*, 271 Wis. 2d 633, ¶¶45-46.

---

[13] The minimum extended supervision time for an eighteen-month period of confinement is four and one-half months. *See* WIS. STAT. § 973.01(2)(d) ("The term of extended supervision may not be less than 25 percent of the length of the term of confinement in prison imposed under par. (b)[.]").

¶28     Here, the first sentence of WIS. STAT. § 346.65(2)(am)5 specifically refers to "the confinement portion of the bifurcated sentence[.]" The second sentence then refers to "a term of confinement[.]" *Id.* However, the second sentence does not refer to "a term of confinement" in isolation. Rather, the phrase "a term of confinement" in the second sentence is directly tied to the presumptive eighteen-month mandatory minimum identified in the first sentence: "The court may impose *a term of confinement that is less than one year and 6 months*[.]" *Id.* (emphasis added). Because the one year and six month term of confinement must be imposed as part of a bifurcated sentence per the clear and unambiguous statutory language, the phrase "term of confinement," as used in the second sentence, when read "in the context in which it is used[,] not in isolation but as part of a whole[,]" must *also* refer back to the mandatory bifurcated sentence. *See Kalal*, 271 Wis. 2d 633, ¶46. In other words, the only reasonable reading of these sentences together is that the word "confinement" in the second sentence has the same meaning as the word "confinement" in the first sentence—that the "confinement" is the "confinement portion of the bifurcated sentence[.]" *See* § 346.65(2)(am)5.

¶29     Our reading is confirmed by cases from the Wisconsin Supreme Court, which has recognized that the term of initial confinement that is part of a bifurcated sentence is a "term of confinement[.]" *See, e.g.*, *State v. Cole*, 2003 WI 59, ¶6, 262 Wis. 2d 167, 663 N.W.2d 700 ("The circuit court thus sentenced the defendant to a bifurcated sentence including a term of confinement of three years followed by a three-year period of extended supervision[.]"); *State v. Jackson*, 2004 WI 29, ¶15, 270 Wis. 2d 113, 676 N.W.2d 872 ("WIS. STAT. § 973.01(1) requires a circuit court to impose a bifurcated sentence consisting of a term of confinement followed by a term of extended supervision whenever it sentences a person to

'imprisonment.'"), *superseded by statute*, WIS. STAT. § 346.65(2)(am)4m (2011-12), *as recognized by Neill*, 390 Wis. 2d 248, ¶31 n.6.

¶30    It is also confirmed by the penalty structure of the OWI statutes. "Wisconsin penalizes OWI offenders under a graduated-penalty system." *State v. Forrett*, 2022 WI 37, ¶7, 401 Wis. 2d 678, 974 N.W.2d 422. For example, a first OWI offense results in a civil forfeiture. *See* WIS. STAT. § 346.65(2)(am)1. However, the penalties with each subsequent offense increase:

- A second OWI results in a minimum sentence of five days. Sec. 346.65(2)(am)2.

- A third OWI results in a minimum sentence of forty-five days. Sec. 346.65(2)(am)3.

- A fourth OWI results in a minimum sentence of sixty days. Sec. 346.65(2)(am)4.

- A fifth or sixth OWI requires a bifurcated sentence with a minimum term of confinement of eighteen months.[14] Sec. 346.65(2)(am)5.

- A seventh, eighth, or ninth OWI requires a bifurcated sentence with a minimum term of confinement of three years. Sec. 346.65(2)(am)6.

- A tenth or higher OWI requires a bifurcated sentence with a minimum term of confinement of four years. Sec. 346.65(2)(am)7.

This progressive penalty structure confirms that it would be unreasonable to conclude that the circuit court's interpretation of § 346.65(2)(am)5's exception allowed it to impose the sentence that it did. It would likewise be unreasonable to interpret this statute, as the circuit court suggested, to mean that a court could

---

[14] WISCONSIN STAT. § 346.65(2)(am)5 also lists the exception, if applicable. Even if the exception applies, it does not alter the progressive penalty structure.

sentence a fifth- or sixth-OWI defendant to as little as one day in jail, which is less than the required sentence for a *second* OWI offense. Such interpretations are contrary to our standards for statutory interpretation.[15] *See **Kalal***, 271 Wis. 2d 633, ¶46 ("[S]tatutory language is interpreted … reasonably, to avoid absurd or unreasonable results.").

¶31 Moreover, our supreme court concluded in *State v. Williams*, 2014 WI 64, 355 Wis. 2d 581, 852 N.W.2d 467, that the OWI graduated-penalty scheme, which advances the "purpose to punish repeat offenders," requires circuit courts to impose a bifurcated sentence with at least the minimum term of confinement established by the legislature. *Id.*, ¶¶6, 38. *Williams* recognized that "the place of imprisonment moves from jail to prison as the number of OWIs increases." *Id.*, ¶35.

¶32 Accordingly, we conclude that the circuit court erred in imposing the sentence that it did.

---

[15] The circuit court erred in interpreting the statute in part because it used its own definition of "confinement." It believed that the term "confinement," as used in WIS. STAT. § 346.65(2)(am)5, could mean time in jail. It stated that the statutory exception allowed it to impose a sentence of less than one year in prison and that it believed the statute authorized it to sentence a fifth- or sixth-OWI defendant to one single day in jail.

Shirikian's position, like that of the circuit court, would have us pull the single word "confinement" out of context and give it an entirely different meaning. This we will not do. *See Kalal*, 271 Wis. 2d 633, ¶46 (explaining that we interpret statutory language "*in the context in which it is used;* not in isolation but as part of a whole" (emphasis added)). As we have explained, as used in this statute, the term "confinement" has a single, specific meaning: the confinement portion of the bifurcated sentence.

Because "confinement" as used in WIS. STAT. § 346.65(2)(am)5 means initial confinement in prison, the circuit court erred in concluding that it could impose jail time. As our supreme court explained, the law does not authorize a sentencing court that is required to impose a bifurcated sentence to have the confinement time served in jail because bifurcated sentences "necessarily involve time in *prison*." *State v. Williams*, 2014 WI 64, ¶35, 355 Wis. 2d 581, 852 N.W.2d 467 (emphasis added).

*B. The Statutes Do Not Authorize a Stay or Probation for a Fifth or Sixth OWI Offense.*

¶33     The State also asks us to conclude that neither a stay nor probation is authorized when imposing a sentence for a fifth or sixth OWI offense. Shirikian contends that WIS. STAT. § 973.15(8)(a)1 and WIS. STAT. § 973.09(1)(a) and (1)(d) expressly authorize a stay for probation here. We agree with the State. As we have already explained, WIS. STAT. § 346.65(2)(am)5 unambiguously requires imposition of a bifurcated sentence with no less than one year of initial confinement (assuming the exception applies). In addition, neither the text of the statute nor any other statute authorizes probation in this case.

¶34     Shirikian argues that WIS. STAT. § 973.15(8)(a)1, which allows circuit courts to stay a sentence for "legal cause" or "[u]nder s. 973.09(1)(a)," supports the circuit court's sentence here. We disagree. The "legal cause" in § 973.15(8)(a)1 addresses "institutional functions" like a "stay pending appeal" or a "stay to consolidate sentencing matters[.]" *State v. Szulczewski*, 216 Wis. 2d 495, 506 & n.12, 574 N.W.2d 660 (1998); *Weston v. State*, 28 Wis. 2d 136, 146, 135 N.W.2d 820 (1965). Likewise, a stay "to achieve the objectives of [WIS. STAT.] § 971.17 [(1987-88)]" for an NGI[16] committee is legal cause. *Szulczewski*, 216 Wis. 2d at 508. Imposing a stay to "personally accommodat[e] a defendant" is not "legal cause." *Id.* at 506 (citing *State v. Braun*, 100 Wis. 2d 77, 85, 301 N.W.2d 180 (1981)). The stay the circuit court imposed here was not a stay pending appeal or for a "legal cause" authorized by § 973.15(8)(a)1. Rather, the stay the circuit court

---

[16] NGI stands for not guilty by reason of mental disease or defect. *See State v. Szulczewski*, 216 Wis. 2d 495, 497, 574 N.W.2d 660 (1998).

imposed here was to put Shirikian on probation—a sentence our law does not authorize for a fifth- or sixth-OWI offender.

¶35 Shirikian also argues that the circuit court's stay and sentence of probation is authorized under WIS. STAT. § 973.09(1)(a), which provides that unless "probation is prohibited for a particular offense by statute," a court "may withhold sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation[.]" Again, Shirikian is wrong. This statute does not apply because when a statute directs that a circuit court "shall" impose a particular sentence, the circuit court must comply with the statute. *See State v. Lalicata*, 2012 WI App 138, ¶¶14–15, 345 Wis. 2d 342, 824 N.W.2d 921. *Lalicata* thus instructs that when a specific statute requires a court to impose a bifurcated sentence including a mandatory minimum term of confinement, the statute prohibits the court from staying the sentence and placing the person on probation. *Id.* Our supreme court confirmed the *Lalicata* rule in *Williams*: "a mandatory minimum bifurcated sentence is inconsistent with permitting probation[.]" *Williams*, 355 Wis. 2d 581, ¶34 (citing *Lalicata*, 345 Wis. 2d 342, ¶11).

¶36 Under *Lalicata* and *Williams*, when imposing a sentence on a defendant convicted of a fifth or sixth OWI, a circuit court must follow the statute's penalty directive and may not withhold sentence or stay the sentence to place the person on probation.

¶37 We further reject Shirikian's claim that WIS. STAT. § 973.09(1)(d) expressly authorizes probation in her case. Section 973.09(1)(d) says: "If a person is convicted of an offense that provides a mandatory or presumptive minimum period of one year or less of imprisonment, a court may place the person on probation under par. (a)" as long as "the court requires, as a condition of probation,

that the person be confined under sub. (4) for at least that mandatory or presumptive minimum period."

¶38    WISCONSIN STAT. § 973.09(1)(d) applies only to offenses with "a mandatory or presumptive minimum period of *one year or less of imprisonment*[.]" (Emphasis added.)  A fifth or sixth OWI does not qualify.  "Under the 'truth-in-sentencing' law, a sentence to imprisonment consists of a 'term of confinement' and a 'term of extended supervision.'"  ***State v. Volk***, 2002 WI App 274, ¶28, 258 Wis. 2d 584, 654 N.W.2d 24 (quoting WIS. STAT. § 973.01(1) (1999-2000)).  It is therefore clear that "imprisonment" is a term that includes *both* the confinement and supervision components of the sentence.  *See **Volk***, 258 Wis. 2d 584, ¶28.

¶39    WISCONSIN STAT. § 346.65(2)(am)5 requires a mandatory minimum of *one year and six months* of initial confinement, and it therefore follows that the term of imprisonment as a whole necessarily exceeds one year. Section 346.65(2)(am)5's exception does not alter this analysis.  The circuit court must impose a bifurcated sentence even if it finds that the exception applies, and the confinement portion of a bifurcated sentence "may not be less than one year," WIS. STAT. § 973.01(2)(b).  Because a bifurcated sentence also requires extended supervision, the term of imprisonment as a whole necessarily exceeds one year.  Sec. 973.01(2).  Thus, Shirikian was not convicted of a crime where the mandatory or presumptive minimum was "one year or less of *imprisonment*," regardless of whether the circuit court applies the presumptive mandatory minimum or instead imposes a sentence under § 346.65(2)(am)5's exception.  Accordingly, WIS. STAT. § 973.09(1)(d) does not apply.

21

*C. Resentencing Does Not Violate Shirikian's Double Jeopardy Protection.*

¶40    The circuit court declined to hold a hearing on the State's motion seeking resentencing. The circuit court believed the sentence it imposed was lawful and as a result, believed Shirikian "is entitled to finality in the sentence imposed by the Court" and that resentencing her "would violate her double jeopardy protection." The circuit court relied on *State v. Willett*, 2000 WI App 212, 238 Wis. 2d 621, 618 N.W.2d 881, which held that double jeopardy protection applied where the circuit court imposed a legally valid sentence at the outset and then later modified that sentence. *Id.*, ¶6.

¶41    *Willett* does not control here because the sentence the circuit court gave Shirikian was unlawful. As we have explained, when sentencing on a fifth or sixth OWI, the law requires a circuit court to impose a bifurcated sentence consisting of either the mandatory minimum eighteen-month initial confinement period together with a corresponding extended supervision component *or*, if the circuit court finds the exception applies and states its reasons on the record, to impose a minimum of a one-year initial confinement period together with the corresponding extended supervision component. The law does not authorize a circuit court to sentence a fifth- or sixth-OWI defendant to an imposed but stayed sentence and place the defendant on probation.

¶42    Because Shirikian's sentence was not lawful, she has no legitimate expectation of finality in it, and resentencing her does not violate double jeopardy. *See United States v. DiFrancesco*, 449 U.S. 117, 137 (1980); *see also, e.g.*, *United States v. Rourke*, 984 F.2d 1063, 1066 (10th Cir. 1992) (Defendant "lacked a reasonable expectation of finality in his original illegal sentencing[.]"); *United States v. Jackson*, 903 F.2d 1313, 1316 (10th Cir. 1990) ("A defendant can acquire

no legitimate expectation of finality in an illegal sentence[.]"); ***United States v. Kane***, 876 F.2d 734, 737 (9th Cir. 1989) ("Generally, a defendant can acquire no expectation of finality in an illegal sentence[.]").

## V. CONCLUSION

¶43    Shirikian's sentence was unlawful because the law does not authorize the circuit court to: (1) stay the sentence; (2) place Shirikian on probation; or (3) allow her to serve nine months in jail rather than a minimum of one year in prison. Rather, the plain language of WIS. STAT. § 346.65(2)(am)5 requires a circuit court to impose a bifurcated sentence that includes a minimum of eighteen months of initial confinement served in prison, unless the circuit court finds the exception allowing the court to impose a minimum of one year of initial confinement applies and states its reasons for doing so on the record. However, even if the court imposes sentence under the exception, the court's sentence must still comply with the bifurcated sentence minimum—that is, it must have at least one year of initial confinement in prison. The law does not authorize the circuit court to stay the sentence and instead place the offender on probation.

¶44    Because the circuit court imposed an unlawful sentence that did not comply with the statutes, we reverse the circuit court's order denying the State's motion seeking resentencing. We remand the matter back to the circuit court with directions to resentence Shirikian to a lawful sentence consistent with this opinion. *See **Grobarchik v. State***, 102 Wis. 2d 461, 470, 307 N.W.2d 170 (1981) (When a sentence is "not in accord with the law[,]" resentencing is "the proper method to correct" it.).

        *By the Court.*—Order reversed and cause remanded with directions.